**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-1599**

MOHAMED SORIE KANU,

      Petitioner,

       v.

JEFFERSON B. SESSIONS III, Attorney General,

      Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  December 20, 2017          Decided:  January 11, 2018

Before GREGORY, Chief Judge, and TRAXLER and THACKER, Circuit Judges.

Petition dismissed by unpublished per curiam opinion.

Randall L. Johnson, JOHNSON & ASSOCIATES, P.C., Vienna, Virginia, for Petitioner. Chad A. Readler, Acting Assistant Attorney General, M. Jocelyn Lopez Wright, Senior Litigation Counsel, Jessica A. Dawgert, Senior Litigation Counsel, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mohamed Sorie Kanu, a native and citizen of Sierra Leone, petitions for review of an order of the Board of Immigration Appeals (Board) denying his motion to reconsider its decision upholding the Immigration Judge's (IJ) denial of Kanu's application for special rule cancellation of removal as a battered spouse pursuant to 8 U.S.C. § 1229b(b)(2) (2012). For the reasons set forth below, we dismiss the petition for review.

Under 8 U.S.C. § 1252(a)(2)(B)(i) (2012), entitled "Denials of discretionary relief," "no court shall have jurisdiction to review any judgment regarding the granting of relief under section . . . 1229b," which is the section governing cancellation of removal. In this case, the IJ found, and the Board agreed, that Kanu failed to show that he was subjected to battery or extreme cruelty. Because this determination is discretionary in nature, we lack jurisdiction to review challenges to this finding absent a colorable constitutional claim or question of law. *See Bedoya-Melendez v. United States Att'y Gen.*, 680 F.3d 1321, 1328 (11th Cir. 2012) (finding no jurisdiction to consider discretionary "battered or subjected to extreme cruelty" requirement for cancellation of removal under the Violence Against Women Act); *Sorcia v. Holder,* 643 F.3d 117, 124-25 (4th Cir. 2011) (finding no jurisdiction to review discretionary denial of cancellation of removal absent constitutional claims or questions of law); *Obioha v. Gonzales*, 431 F.3d 400, 405 (4th Cir. 2005) ("It is quite clear that the gatekeeper provision bars our jurisdiction to review a decision of the B[oard] to actually deny a petition for cancellation of removal or the other enumerated forms of discretionary relief.").

Upon review of Kanu's claims, we find that he has not raised any colorable constitutional issues or questions of law under 8 U.S.C. § 1252(a)(2)(D) (2012). *See Gomis v. Holder*, 571 F.3d 353, 358 (4th Cir. 2009) ("[A]bsent a *colorable* constitutional claim or question of law, our review of the issue is not authorized by § 1252(a)(2)(D)." (emphasis added)). Accordingly, we dismiss the petition for review for lack of jursidiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DISMISSED*